IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Janet E. Rutter,                              :
                Plaintiff            :    Civil Action 2:07-cv-118

     v.                                      :    Judge Sargus

Michael J. Astrue,                           :    Magistrate Judge Abel
Commissioner of Social Security,
                Defendant           :


# ORDER


By an Order of March 24, 2008, the Court remanded this case to the Commission-

er for further consideration of plaintiff's obesity consistent with the Social Security

Ruling 02-01p. This matter is now before the Court on plaintiff's unopposed April 22,

2008 motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc.

16.)

Under the EAJA, 28 U.S.C. §2412(d)(1)(A):

> [A] court shall award to a prevailing party other than the United
> States fees and other expenses, in addition to any costs awarded
> pursuant to subsection (a), incurred by that party in any civil action .
> . . including proceedings for judicial review of agency action, brought
> by or against the United States in any court having jurisdiction of
> that action, unless the court finds that the position of the United
> States was substantially justified or that special circumstances make
> an award unjust.

When an award is also made under 42 U.S.C. §406(b)(1), an EAJA award reimburses the

plaintiff for the fees he paid his attorney under §406(b)(1). *Meyers v. Heckler*, 625 F.

Supp. 228, 231 (S.D. Ohio 1985). A prevailing plaintiff is entitled to recover attorney's

fees from the government unless the government shows that its litigation position was substantially justified. *Sigmon Fuel Company v. Tennessee Valley Authority*, 754 F.2d 162, 166 (6th Cir. 1985).

The Commissioner bears the burden of demonstrating that her position was substantially justified, *E.W. Grobbel Sons, Inc. v. National Labor Relations Board*, 176 F.3d 875, 878 (6th Cir. 1999). The test for determining when the government's litigation position is substantially justified was set out by the United States Court of Appeals for the Sixth Circuit in *Trident Marine v. Corps of Engineers*, 766 F.2d 974, 980 (6th Cir. 1985):

> Whether or not the government's position is substantially justified is basically a question of reasonableness. *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119, 1200 (6th Cir. 1982). "The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleading; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." *United States v. 2,116 Boxes of Boned Beef*, 762 F.2d at 1487.

Here the Court finds that the Commissioner's position was not substantially justified.

Accordingly, the Court HOLDS that plaintiff's March 24, 2008 motion for fees under the EAJA (doc. 16) is meritorious; and, therefore, it is GRANTED. Plaintiff Janet E. Rutter is AWARDED attorney fees in the amount of $2,031.25.

6-16-2008

Edmund A. Sargus, Jr.
United States District Judge